

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00381-CV

———————————————

CARL DAVID PASCHAL, Appellant

V.

MICAH BELDEN AND MONICA BOATNER, Appellees

---

On Appeal from the 477th District Court
Denton County, Texas
Trial Court No. 22-2722-16

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant Carl David Paschal filed a suit with various claims against four defendants. Two of the defendants filed motions to dismiss Paschal's claims against them,[1] and the trial court signed separate orders granting the motions and dismissing all claims against those two defendants. His claims against the other two defendants remain pending in the trial court. Paschal attempts to appeal from the trial court's orders granting the motions to dismiss, but because the trial court's orders are neither final judgments nor appealable interlocutory orders, we dismiss this appeal for want of jurisdiction.

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders). A final judgment is one that (1) "actually disposes of every pending claim and party" or (2) "clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. Unless one of the statutory exceptions listed under Section 51.014(a) applies, an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until the trial court signs a final judgment. *Id.*

---

[1]The two defendants moved to dismiss Paschal's claims against them pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003.

Here, the statutory exceptions are inapplicable, *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a), and the orders do not "actually [dispose] of every pending claim and party"—Paschal's claims against the other two defendants remain pending. *Lehmann*, 39 S.W.3d at 205. Thus, the orders are interlocutory and unappealable until the trial court signs a final judgment. *Id.*

On August 6, 2025, we notified Paschal of our concern that we lack jurisdiction over this appeal and warned that unless he or any other party filed a response by August 18, 2025, showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. We did not receive a response.

Accordingly, because the orders from which Paschal attempts to appeal are not final judgments or appealable interlocutory orders, we dismiss the appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195, 200; *see also In re R.B.*, No. 02-24-00531-CV, 2025 WL 285336, at *1 (Tex. App.—Fort Worth Jan. 23, 2025, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because order being appealed was not a final judgment or an appealable interlocutory order).

/s/ Brian Walker

Brian Walker
Justice

Delivered: September 25, 2025

---

[2]The trial court clerk recently confirmed that the trial court has not signed a final judgment in this case.